■ ROCHESTER POSTER ADVERTISING CO., INC., Respondent, v. CITY OF ROCHESTER, Appellant.— Order unanimously reversed, without costs, motion granted and complaint dismissed, without costs. Memorandum: Defendant appeals from a Special Term order which denied its motion to dismiss plaintiff's complaint because of plaintiff's failure to allege that it had filed a notice of claim as required by section 50-e of the General Municipal Law in all cases founded upon tort. In our opinion plaintiff's action is founded upon tort and failure to comply with section 50-e requires that its complaint be dismissed. Buildings on which plaintiff's advertising signs were maintained under lease with the property owner were destroyed by the city when it demolished the property after making a determination upon notice to the owner that the buildings were unsafe and a threat to the public welfare. The demolition was authorized by defendant's building code and was a proper exercise of its police power. Any cause of action which plaintiff might have against the defendant herein under these circumstances would be an action founded upon tort as a result of defendant's having destroyed plaintiff's advertising signs as an incident to the demolition of the buildings to which they were attached. Defendant's action in demolishing these buildngs may not be construed as a taking of property for public use or a deprivation of property without due process of law, but was plainly the destruction of unsafe property which constituted a threat to public welfare and as such was a proper exercise of defendant's police power. (*Mugler* v. *Kansas*, 123 U. S. 623, 669; 11 McQuillin, Municipal Corporations [3d ed.], § 32.27, pp. 337–338.) In its demolition of the buildings defendant owed a duty to other property owners to exercise reasonable care to avoid injury to their property. Plaintiff's right in damages accrued when defendant negligently destroyed its signs, and its action " to enforce such a liability [against the city is] subject, of course, to general rules of pleading in tort actions against municipalities." (7 McQuillin, Municipal Corporations [3d ed.], § 24.561, p. 598.) (Appeal from order of Monroe Special Term denying motion to dismiss complaint in action for damages to property.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.

■ ANDREW R. WHITAKER, Respondent, v. JOHN P. KOWALSKI et al., Appellants.— Judgment unanimously modified on the facts in accordance with the memorandum and as modified affirmed, without costs. Memorandum: In this action to recover the unpaid balance under a contract for the purchase of plaintiff's interest in a corporation operating an apartment complex, the record clearly supports the finding of money due to plaintiff in the amount of $9,657. There is also support for an allowance to defendants on their counterclaim of $3,663.39. This represents amounts paid by defendants on corporate obligations in excess of obligations which appear on the schedule furnished to the buyers with the purchase contract and established by documentary proof corroborating defendants' testimony at the trial. In addition, defendants are entitled to a credit of $3,019.56, which is the discrepancy between the asset listed on the schedule attached to the purchase contract as cash on hand of $4,000 and the amount of cash actually in the corporation's possession and turned over to the receiver when the assets were transferred to the receiver shortly before the purchase contract was executed. The judgment in favor of plaintiff should be reduced to $2,974.05. (Appeal from judgment of Monroe Trial Term in action for payment of agreed balance.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.