Arnold L. Fein, J.
This is an application (under CPLR art. 78), supported hy three tenants, for an order revoking a vacate order issued by respondent, Department of Rent and Housing Maintenance, Housing and Development Administration of the City of New York, respecting premises 206-210 West 106th Street, New York, N. Y.
The vacate order was based upon a finding by respondent that the dwelling constitutes a danger to the life, health and safety of its occupants and is unfit for human habitation.
The building appears to be a rooming house containing 106 rooms. Approximately 25 people presently reside therein, in separate rooms.
It was undisputed on the argument that official inspections of the building have established and noted over 600 violations. A substantial number involve hazardous conditions, dangerous to the life and health of the occupants. There are defective, rotten and sagging floor beams; parts of the floor areas are sagging ; brick parapet walls are eroded and out of bond; the steel and concrete arch in the cellar is broken; steel supports are corroded and defective; fire alarm systems are not working; plaster walls and ceilings throughout the building are broken and many are sagging. Garbage and debris are strewn about. There is no janitorial service. There have been several fires. As recently as March 16, 1972, four fire companies responded to put out a fire in the building. There are open vacant rooms subject to vandalism. The plumbing is broken and unworkable. There is no hot water, gas or electricity. Many other bad, serious and hazardous conditions exist.
It was also conceded on the argument that, despite the statements in the petition and supporting affidavits, no hearing is required to establish that the building is in a hazardous and *791 unsafe condition, constituting a danger to its occupants and is unfit for human habitation.
At issue is the remedy. Petitioners contend that there are alternative remedies available, less drastic than a vacate order, and that respondent has acted in an arbitrary, capricious and illegal manner, violating petitioners’ constitutional rights, because the vacate order was issued without a prior hearing to explore the feasibility and propriety of a lesser alternative remedy.
The Administrative Code of the City of New York authorizes a variety of remedies where building violations respecting housing accommodations are found. Section D26-53.01 et seq. authorize an application to the court for an injunction requiring the owner to abate or correct the violations. Section D26-54.01 et seq. provide that where, ‘ ‘ because of any violations * * * any dwelling or part of its premises is dangerous to human life and safety or detrimental to health ”, respondent may (1) “ correct such conditions ”, or (2) “ order the owner * * * or other responsible party * * * to correct such conditions ”, or (3) obtain a court order to correct violations (§ D26-54.03). Section D26-55.01 et seq. authorize respondent to apply for the appointment of a receiver, who may be the respondent administrator, to remove the violations and remedy such conditions..
Section D26-56.01 of article 56, the article under which respondent has acted in this case, provides:
“ a. Any dwelling or part thereof, which, because of a structural or fire safety hazard, defects in plumbing, sewage, drainage, or cleanliness, or any other violation of this code or any other applicable law, constitutes a danger to the life, health or safety of its occupants, shall be deemed to be unfit for human habitation.”
‘1 b. The department may order or cause any dwelling or part thereof which is unfit for human habitation to be vacated.”
Petitioners ’ attempt to equate the available remedies as alternative remedies, irrespective of the condition of the dwelling, is without sound basis. The cases upon which petitioners rely, requiring hearings in connection with administrative action, are not apposite. None of them deal with a situation in which the hazard to life and health is so serious as to require almost immediate action.
Assuming, without deciding, that petitioners, as tenants, have standing to seek and obtain a hearing, if warranted, no basis is shown for a hearing under the present circumstances. In Matter of Janks v. City of Syracuse (47 Misc 2d 718), relied on *792 by petitioners, the tenants had vacated the premises pursuant to a prior proceeding. The issue before the court was whether the city could proceed to demolish the building without affording the owner an opportunity to prove, upon a hearing, that he could rehabilitate and remodel the building so as to remove all violations and bring it into compliance with code and statutory requirements. There was no showing of any immediate danger, since all of the tenants had long since removed. Here, as is palpable on the face of the record, there is a serious danger to the life of the tenants of this dwelling which is hazardous, dangerous, unsafe and manifestly unfit for human habitation.
Petitioners state in their brief, as they did on the argument, that respondent made an effort, during the period that enforcement of the vacate order was suspended, to determine what was necessary to repair and remove the dangerous conditions. The brief suggests that a minimum cost of $60,000 was indicated as required. One of the architects’ proposals submitted by petitioners states, ‘ ‘ Restoration of minimum standards to render the building completely habitable will run into several hundred thousand cost wise.” Petitioners’ other architect first says, ‘ ‘ the building is in a serious state of disrepair ’ ’ requiring “ moderate rehabilitation”, but in a subsequent report concedes, “ the building is in need of major rehabilitation”. A careful examination of the very general architects ’ reports submitted by petitioners indicates that, at best for their position, there are very serious questions as to whether rehabilitation is possible, what it would cost, and whether such a program could go forward while the tenants or any of them remain in possession.
As the quoted sections of the Administrative Code demonstrate, the determination is basically an administrative one, based on the conditions found to exist in the dwelling involved. In the absence of a clear showing, the administrative determination should not be found to be arbitrary and capricious in the face of the manifest danger to the safety and health of the tenants.
It is shocking that the building has been allowed to fall into this state of disrepair. The landlord blithely asserts that he was ignorant of the facts because the dwelling was operated by a lessee, pursuant to a written lease expiring January 31, 1977, in existence at the time landlord acquired title to the property. The landlord states he accepted a surrender of the lease after the vacate order was issued. This attempt to avoid responsibility by the landlord is appalling, as is the failure of the lessee operator properly to maintain the premises. Respondent should have taken drastic action long prior to this against *793 those responsible for remedying the violations and maintaining the building. This-might have prevented the building from falling into such a state of disrepair as to make it unfit for human habitation. Respondent should take such action against them as is now available, criminal or civil, or both. However, this does not alter the immediate problem and the need for drastic action in the interest of human life and safety. In view of the condition of the building, and the danger it represents to the occupants, there is a firm basis for respondent’s action. The issuance of the vacate order cannot be held arbitrary, unreasonable or capricious. The Administrative Code does not impose an unconditional obligation upon the city to make repairs. It states that the city may “ correct such conditions ” (Administrative Code, § D26-54.01, subd. [a], par. [1]; Anderson v. Mayor of New York City, N. Y. L. J., Oct. 10,1969, p. 15, col. 1).
The choice of remedy involves the exercise of administrative discretion. In the absence of a showing of some positive duty required to be performed by the city, the courts will not interfere with the exercise of administrative discretion and judgment by the officials charged with the responsibility to deal with such matters, and who presumably have the expert knowledge requisite for decision making.
No hearing is required. The application is denied, the stay is vacated and the petition is dismissed.