Bebtbam Habnett, J.
On September 2,1971, the Commissioner of the Department of Buildings and Property Conservation of the City of Long Beach notified Joe E. Moses that violations of the Municipal Code relating to “Unoccupied Hoards” had been found on his property located at 212 West Chester Street. The notification was reissued on October 27, 1971 along with a directive to demolish the building op the property and a warning that failure to comply Would result in the city itself demolishing the structure.
On October 29, 1971, Mr. Moses replied to the Commissioner and also sent a letter to the Long Beach Housing and Appeals Board. In both letters, he denied the violations charged and stated that as a practicing rabbi of the Musmeah Teshua Synagogue located at the subject address, he occupied and used the building claimed vacant. In his letter to the appeals board, Mr. Moses stated, “ I hereby appeal ” and offered to submit further “legal grounds * * * at the Hearing, if needed”. When, without further proceedings, the city began to solicit bids for the demolition of the building, Mr. Moses, brought this article 78 proceeding claiming in substance that he has been deprived *926 of a substantial property right without an opportunity to be heard.
The City of Long Beach has devised definitive administrative procedures to hear and determine property owner appeals of adverse building department directives. Chapter 10, article 11, section 10-1127 of the Municipal Code of the City of Long Beach (eff. July 6, 1971) provides: “Any owner or person who is aggrieved with the ruling or decision of the Building Commissioner in any matter relative to the interpretation or enforcement of any of the provisions of the Housing Code may appeal the decision or interpretation. This appeal must be filed with the Housing Appeals Board in writing within ten (10) days tof the date of the rendition of the decision or interpretation of the Building Commissioner ’ \
Section 10-1129.5 of the Municipal Code, entitled “ Procedure for Enforcement ’’specifies that an aggrieved property owner is entitled to a hearing. It provides in pertinent part: “1. (a) Whenever the [building] department shall declare that a building or vacant area is a nuisance or is in violation of either the Property Rehabilitation and Conservation Code, [or] Building Code * * * it shall serve a notice or order * * * reciting the facts' constituting such nuisance or violation * * * and requiring the owner to remove such nuisance or violation within ten days * * * Such notice or order shall provide that, if the owner fails to remove such nuisance or violation within such period for compliance so prescribed, the department may remove or cause the removal of such nuisance or violation by * * demolishing or by taking such other corrective action deemed necessary and shall notify the owner of this right to a hearing as hereinafter provided, (b) Whenever such a 10 day notice or order is served, the owner may within five (5) days after such service request a hearing before the Housing Appeals Board, and a hearing shall be given "such owner ” (emphasis supplied).
Although the code does not lay out the exact hearing procedures to be followed, it may be fairly interpreted to require a hearing within a reasonable time after request. After these procedures are followed, the department is required to present the demolition order and the record of all prior proceedings before a Special Term, of the Supreme Court for appropriate action. (Municipal Code of City of Long Beach, § 10-1129.8.)
The Municipal Code does not prescribe a particular form for the hearing request, only that it be in writing, and be filed with the Housing Appeals Board within 10 days. Two days after the *927 city’s demolition directive, Mr. Moses wrote to the Commissioner giving demolition notice and to the Housing Appeals Board protesting and appealing. His notice to the Housing Appeals Board, while not specifically asking for a hearing, evidences a sense of aggrievement and refers to a hearing “if needed” after his submission. The city does not question in this proceeding that a proper request for a hearing was filed. Accordingly, the reply of Mr. Moses dated October 29, 1971 was a proper request and notice of appeal under section 10-1129 of the Municipal Code of the City of Long Beach.
Despite Mr. Moses’ availing himself of these rights, the Housing Appeals Board did not schedule a hearing and the city proceeded to solicit bids for the demolishing job. The city offers no explanation here for its failure to abide by its own Municipal Code which both authorizes the demolition of structures and specifies the administrative procedures to be followed in such instances. (Municipal Code of City of Long Beach, § 10-1129.5.)
The right to be heard in appeal of a municipal department decision is no mere technicality where the threatened action is the destruction of a privately owned structure. That right must include a clear and complete notice of the violations charged, and an opportunity to contest, defend against and rebut by affirmative showing the allegations made. (See Matter of Ryan v. Hofstra Univ., 67 Misc 2d 651; Matter of Janks v. City of Syracuse, 47 Misc 2d 718.) The property owner here must have an opportunity to contest the determination and any steps to enforce the municipal demolition decision must be halted while the administrative appeals process is being properly utilized.
The city’s contention that solicitation of bids is not an irreversible or final municipal action misses the' principle of fair administrative procedure. It is not only the proverbial bulldozer at the doorstep that threatens or creates prejudice. The entire matter is not fairly contested in an atmosphere of futility or unyielding administrative machinery where, as here, bids continue to be solicited on a demolition contract during and despite an appeal of the initial decision to demolish. The threat of irreversible harm is now sufficiently imminent.
The solicitation of bids, a public contract auction, or any municipal action premised upon demolition, the result which Mr. Moses contests, must be held in abeyance until the appeals procedures are completed.
Nor does the eventual placement of this demolition matter before Special Term (Municipal Code of City of Long Beach, § 10-1129.8) justify by-passing the administrative hearing that *928 is specifically required, upon request, to precede any judicial proceeding. The right to contest demolition before the city itself is a fundamental ingredient to the code’s provisions for procedural fairness.
There is no doubt that the city, as a proper exercise of its police power, may demolish unsafe property which constitutes a threat to public welfare. (Rochester Poster Adv. Co. v. City of Rochester, 38 AD 2d 679; 11 McQuillin, Municipal Corporations [3d ed. rev.], § 32.27, pp. 337-338.) However, a demolish order may not be made without strict compliance with preliminary procedural requirements. (Matter of Village of Suffern v. Realty Funds Corp., 12 A D 2d 769, mot. for rearg. den. 13 A D 2d 498.) No emergency or “ danger to the life of the tenants ” has been shown to warrant abandonment of these procedures. (Cf. Matter of Salgado v. Walsh, 69 Misc 2d 789, 792.) Since the city failed to afford Mr. Moses any hearing before its Housing Appeals Board to contest the Building and Property Conservation Department’s decision to demolish, any municipal actions taken after his request for a hearing are invalid.
Accordingly, the City of Long Beach is enjoined from taking any further actions to enforce the Building and Property Conservation Department’s decision to demolish structures at 212 .West Chester Street until Mr. Moses is afforded a hearing and his appeal is determined as provided by section 10-1129.5 of the Municipal Code. Nothing in this decision shall prevent the city from proceeding to demolish stitch structures after complying with the requisite hearing procedures.