Martin Evans, J.
Tillie Hughes, labelling herself as a respondent, moves for an order for leave to intervene in an alleged unsafe building proceeding and for permission to interpose an answer. The petitioner City of New York cross-moves for an order dismissing the “ petition ” pursuant to CPLR 7804 (subd. [f]) for failure to state a cause of action.
The City of New York has entered into an agreement with a contractor to demolish the building owned by Hughes located at 344 East 110th Street, New York, New York. Demolition *563 has commenced. Hughes states that she has never received notice of an unsafe building .proceeding. No such proceeding appears to have been commenced. The opposing papers indicate that an administrative determination to demolish the building has been made. This proceeding will be treated as an article 78 proceeding- to review that determination in accordance with the manner in which the city treats the application.
Inspections were made by the Department of Buildings and the Fire Department found the building vacant, open and unguarded. Those two departments and the Department of Health certified that the building constitutes a danger to life and health. The Commissioner of Health ordered demolition or sealing of the building. Thereafter, Hughes was served with an order signed by the Administrator of the Housing and Development Administration declaring the building to be a nuisance and directing* commencement of demolition or securing the building within 24 hours. The order states that upon failure to comply, action will be commenced to demolish the structure. The demolition contract was entered into for noncompliance with this order.
The procedure followed by the city concerning the building-in issue is a flagrant violation of due process of law. This building is being taken and demolished without Hughes being given adequate notice and a reasonable opportunity to be heard. The administrative order dated January 19, 1973 was served by posting on the subject building and by mailing to Hughes. Such service is unlikely to be received within the 24-hour period, no less complied with; all violates the provisions of section 643a-3.0 of the Administrative Code of the City of New York which makes such service effective three days after mailing.
■Sections 564-18.0 and 643a-13.0 of the Administrative Code authorize removal by the Departments of Health or Buildings of public nuisances. Demolition without a formal hearing may be justified in emergency situations such as a fire damaged building in imminent danger of collapse. However the situation in this case does not involve the type of emergency which warrants denial of a property owner’s right to prevent taking pf her property without due process of law. Section 309 of the Multiple Dwelling Law relied upon by the city requires the city to give Hughes notice of a court proceeding and provides for a court hearing before a demolition order is made. This necessary step to insure that the taking of property is done in compliance with the requirements of due process was improperly omitted in this case which does not involve an immi *564 nent danger. The procedure followed also circumvents the proceedings to remove unsafe buildings provided for in section C26-80.0 et seq. of the Administrative Code which include a provision for adequate notice (§ 026-80.5, subd. a) and judicial review (§ 26-82.0).
Accordingly the cross motion to dismiss which litigates the merits of the proceeding is denied and the petition is granted annulling the determination to demolish the building and directing the city to repair that portion of the building where demolition has commenced to place it in a safe condition at the expense of the city. This determination is without prejudice to commencement of appropriate proceedings which comply with the requirements of due process for an order directing sealing or demolition or for an action for damages because of the illegal partial demolition.