■ GEORGE SASSOWER, Appellant, v JOHN P. FINNERTY, as Sheriff of Suffolk County, Respondent. GEORGE SASSOWER, Appellant, v SHERIFF OF COUNTY OF SUFFOLK, Respondent.—Appeal by petitioner from an order of the Supreme Court, Westchester County, entered August 15, 1978, which transferred to the Supreme Court, Suffolk County, his petition for relief pursuant to CPLR article 78 and a writ of habeas corpus. Appeal dismissed, without costs or disbursements. No appeal lies from an intermediate order in a habeas corpus proceeding (CPLR 7011) or, in the absence of permission, in a CPLR article 78 proceeding (CPLR 5701, subd [b], par 1). If we were not dismissing, we would affirm. The transfer was neither contrary to law nor an abuse of discretion (see CPLR 506, subd [b]; 7004, subd [c]). Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.

■ CHAYA STARIK, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for the defendant's alleged wrongful demolition of a building after a fire, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 22, 1977, which was against her and in favor of the defendant, upon a jury verdict. Judgment affirmed, with costs. Defendant, the City of New York, through its police power, has the authority to take summary action to order the demolition of a building in emergency situations, i.e., when a building is in imminent danger of collapse and an immediate peril to the public health and safety (7 McQuillin, Municipal Corporations [3d ed], § 24.561, p 595). Accordingly, the trial court's charge that the city could dispense with prior notice if the foregoing was established was proper. The jury's finding, implied in its verdict, that notice was properly dispensed with in this case, was not contrary to the weight of the evidence. In light of the jury's verdict it is unnecessary to determine whether the plaintiff's proof of damages was unduly restricted by the trial court. We have considered plaintiff's remaining contention and find it to be lacking in merit. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ LONG ISLAND RAILROAD COMPANY et al., Petitioners, v ELAINE J. DIEHLMANN et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated November 2, 1978, which affirmed an order of the State Division of Human Rights, dated February 8, 1978, which, inter alia, found that petitioners had unlawfully discriminated against the complainant because of her sex. The State Division has cross-applied for enforcement of the order. Cross application granted, order confirmed and petition dismissed, with costs to the State Division of Human Rights against petitioners, to be taxed by the County Clerk of Queens County under CPLR 8203, 8301 (see Metropolitan Transp. Auth. v New York State Div. of Human Rights, 50 AD2d 821). Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.

■ MILDRED VARADY, as Administratrix of the Estate of JEROME VARADY, Deceased, Respondent, v PELHAM BAY GENERAL HOSPITAL et al., Appellants.—In a medical malpractice action, defendants appeal from an order of the Supreme Court, Queens County, dated September 6, 1978, which granted plaintiff's motion to serve an amended complaint and bill of particulars. Order affirmed, without costs or disbursements. Under the circumstances of this case, and in the absence of prejudice to defendants, Special Term did not abuse its discretion in granting plaintiff's motion. Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.