■ JOSEPH SCOTT, Also Known as J. FREDERICK SCOTT, Re-

spondent, v Town of Duanesburg, Appellant, et al., Defendant.—Mikoll, J. P. Appeal from an order of the Supreme Court (Doran, J.), entered February 1, 1991 in Schenectady County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability.

The primary questions presented on this appeal are whether Supreme Court (1) properly granted plaintiff's motion for summary judgment on the issue of liability, (2) correctly denied a cross motion by defendant Town of Duanesburg (hereinafter defendant) for an order dismissing the complaint, and (3) erred in failing to dismiss plaintiff's request for treble damages. In our view Supreme Court properly ruled as to the first two questions but erroneously failed to dismiss plaintiff's claim for treble damages.

The pertinent facts of this case are as follows. Plaintiff is the owner of an improved parcel of real property containing a two-story wood frame structure, two wood frame additions, a free-standing shed, trees and a lawn located on the shore of Lake Mariaville in the Town of Duanesburg, Schenectady County. The property was used as a seasonal camp for recreational purposes.

Defendant had received complaints concerning the condition of the structure and had an inspection made by its engineers. The report of the engineers concluded that the two-story structure was dangerous and unsafe but only in "limited danger of collapse". Based on this report defendant's Town Board, without notice to plaintiff, passed a resolution on June 8, 1989 declaring the structure unsafe and ordering that it be demolished. Defendant thereafter engaged defendant Carl Mykel to do the demolition work. Mykel demolished the structure and stripped away the forestry and lawn on September 15, 1989. The only notice to plaintiff was mailed July 17, 1989, incorrectly addressed, advising plaintiff of the Town Board's June 8, 1989 decision and stating that "[t]his is the *only* notice you will receive" (emphasis supplied).

This action for trespass, negligence and intentional destruction of property was commenced and sought treble damages from both defendants plus punitive damages against Mykel. After joinder of issue, plaintiff moved for summary judgment on the issue of liability. Defendant cross-moved for similar relief and also sought dismissal of the claim for treble damages. Supreme Court, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability and denied defendant's cross motion. This appeal by defendant followed.

Plaintiff correctly argues that defendant did not properly act according to its police powers in demolishing plaintiff's campsite structure because it failed to comply with plaintiff's statutory and due process rights to notice and an opportunity to be heard before the structure was declared unsafe pursuant to Town Law § 130 (16) (b), (d) and (e) *(see, Yax v Town of Evans,* 41 AD2d 232). Defendant's Local Laws, 1978, No. 1 of Town of Duanesburg, which deals with unsafe buildings, is not in conformity with the provisions of the Town Law *(see,* Town Law § 130 [16] [b], [d], [e]).

We reject defendant's argument that it was not required to comply with the procedural requirements of the Town Law because it was faced with an emergency. A town may exercise its emergency police power only where there is a "dire necessity" to act and where "its action is reasonably calculated to alleviate or prevent the crisis condition" *(Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 512; *see, Matter of Charles v Diamond,* 41 NY2d 318, 324). The report of defendant's engineer and the affidavit of its supervisor, submitted in opposition to plaintiff's motion, were insufficient to raise a legitimate factual issue in this regard. The May 24, 1989 engineering report, based on a May 2, 1989 inspection, indicated that the residence was in "limited" danger of collapse. Although the engineer opined that the building "present[ed] a clear danger to the health, safety, morals and general welfare of the public", the word "imminent" was conspicuously absent. Further, the report did not call for the immediate demolition of plaintiff's residence. To the contrary, it merely recommended that the house be secured pending demolition or remediation. The opinion of defendant's Supervisor that, to him, the "building appeared to be in clear and imminent danger of collapse" is incompetent as a matter of law inasmuch as neither the date of the affiant's inspection nor his qualifications to render an expert opinion are set forth. Moreover, the fact that over two weeks elapsed from the date of the engineering report to defendant's June 8, 1989 meeting in and of itself defeats the claim that there was insufficient time to give plaintiff reasonable notice and an opportunity to be heard.

We also reject defendant's contention set forth in its cross motion for summary judgment that its determination to demolish the structure was a quasi-judicial or discretionary decision immune from liability. Although governmental entities are absolutely immune from suit for judicial and quasi-judicial discretionary acts involving the conscious exercise of

discretion *(Arteaga v State of New York,* 72 NY2d 212, 216), discretionary acts that do not "requir[e] the application of governing rules to particular facts, an 'exercise of reasoned judgment which could typically produce different acceptable results' ", do not receive absolute immunity *(supra,* at 216, quoting *Tango v Tulevech,* 61 NY2d 34, 41; *see also, Tarter v State of New York,* 68 NY2d 511, 519). The decision to demolish without giving notice and an opportunity to be heard cannot be classified as a discretionary decision as fundamental due process compels the result *(see, Tango v Tulevech, supra,* at 41) removing discretion *(see, Colonial Country Club v Village of Ellenville,* 126 Misc 2d 814, 816).

Nevertheless, an award of treble damages against defendant is inappropriate since public funds are available only for the payment of damages actually suffered *(see, Sharapata v Town of Islip,* 56 NY2d 332). Supreme Court thus erred in failing to dismiss that part of the complaint requesting treble damages against defendant.

Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion by defendant Town of Duanesburg for summary judgment dismissing that part of the complaint seeking treble damages against it; cross motion granted to that extent and said portion of the complaint dismissed; and, as so modified, affirmed.