■ Catherine Krisanda, Appellant, v Sharon E. Miller, Respondent. [614 NYS2d 73] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Wood, J.), entered December 5, 1991 in Westchester County, upon a dismissal of the complaint at the close of plaintiff's case.

On the trial of this action for malicious prosecution, plaintiff presented evidence tending to establish that defendant had

previously initiated a criminal proceeding charging her with harassment* and that she was found not guilty of that charge after a trial. Further, plaintiff testified that on the occasion giving rise to the harassment charge she never came closer than 18 to 20 feet to defendant, that she did not "make any threatening gestures or say anything at all that would make [defendant] afraid", and that, although she "took [defendant's] abuse, [she] did not give [defendant] abuse of any kind". Based upon that testimony, and applying the test of whether the jury could find for plaintiff by " 'any rational basis' " *(Matter of Soltys,* 199 AD2d 846, 847, *lv denied* 83 NY2d 754; *see, Van Syckle v Powers,* 106 AD2d 711, 713, *lv denied* 64 NY2d 609; *Pontiatowski v Baskin-Robbins,* 91 AD2d 1035), we conclude that Supreme Court erred in directing a verdict in defendant's favor. In our view, plaintiff's testimony supported a finding that defendant did not have probable cause to bring the harassment charge and, because malice may be inferred from a lack of probable cause *(see, Martin v City of Albany,* 42 NY2d 13, 17; *Munoz v City of New York,* 18 NY2d 6; *Dean v Kochendorfer,* 237 NY 384, 389), the evidence supported that element as well. In view of plaintiff's prima facie demonstration of (1) the commencement of a criminal proceeding by defendant against her, (2) the termination of that proceeding in her favor, (3) the absence of probable cause for the proceeding, and (4) actual malice *(see, Colon v City of New York,* 60 NY2d 78, 82), Supreme Court erred in dismissing the complaint at the close of plaintiff's case.

Cardona, P. J., Mikoll, Casey and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.

---

* The accusatory instrument alleged that on December 16, 1988 at approximately 4:45 P.M., plaintiff "did shove [defendant] and threaten her by 'stating she was going to get her' causing [defendant] pain and suffering and is afraid of further retribution".