■ RAMPART TENNIS CORP., Plaintiff, v CITY OF NEW YORK et al., Defendants. TRAVELERS INDEMNITY COMPANY, Appellant-Respondent, v CITY OF NEW YORK, Respondent, and ESTATE OF FRANK DESANTIS, Deceased, Respondent-Appellant, et al., Defendants. [623 NYS2d 209] —Order, Supreme Court, New York County (Ira Grammerman, J.), entered on or about December 29, 1993, which granted defendant City of New York's motion for summary judgment dismissing the complaints and cross claims against it, unanimously affirmed, without costs.

Upon the partial collapse of a building adjoining plaintiff's rooftop tennis courts, City officials determined that the most appropriate way of taking down the remaining building walls, consistent with human safety, entailed use of a crane and clamshell bucket. As a consequence, bricks fell on plaintiffs' property causing damages. It is clear that the City officials' determination of the appropriate means to take down the remaining wall, which appeared in danger of imminent col-

lapse, was at least in some measure discretionary, and thus immune from tort liability *(see, McCormack v City of New York,* 80 NY2d 808, 811; *Mon v City of New York,* 78 NY2d 309, 313; *Tango v Tulevech,* 61 NY2d 34, 40). Nor did plaintiffs establish the elements of a special relationship with the City by affidavit alleging assurances made by unnamed City and police officials with respect to the demolition, or otherwise raise a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). We have considered appellant's and cross-appellant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman and Tom, JJ.