■ ANGELO CALAMUSA et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. [708 NYS2d 317] —In an action, *inter alia,* to

recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 9, 1999, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A municipality may demolish a building without providing notice and an opportunity to be heard if there are exigent circumstances which require immediate demolition of the building to protect the public from imminent danger (*see, Starik v City of New York,* 68 AD2d 936; *Merino v City of Middletown,* 272 AD2d 427 [decided herewith]; *Rampart Tennis Corp. v City of New York,* 212 AD2d 481; *Matter of City of New York v Unsafe Bldg. & Structure Located at 344 E. 110th St.,* 77 Misc 2d 562; *Moses v City Council,* 71 Misc 2d 925; *see also,* Brookhaven Town Code § 73-15). In this case, immediate action was not required and there was time to provide notice and an opportunity to be heard. Therefore, the failure to provide the same is a violation of due process rights for which liability will attach (*see,* Town Law § 130 [16] [b]; *Scott v Town of Duanesburg,* 176 AD2d 989; *Colonial Country Club v Village of Ellenville,* 126 Misc 2d 814; *Matter of Janks v City of Syracuse,* 47 Misc 2d 718; *see also,* 7A McQuillan, Municipal Corporations § 24.561 [3d ed]). The Supreme Court properly granted summary judgment on the issue of liability to the plaintiffs, because the appellant knew of the plaintiffs' mortgage on the property and there was sufficient time for the appellant to give the plaintiffs notice and an opportunity to be heard. Thompson, J. P.; Luciano, Feuerstein and Schmidt, JJ., concur.