■ ROBERT MERINO et al., Respondents, v CITY OF MIDDLETOWN et al., Appellants, et al., Defendants. (And a Third-Party Action.) [708 NYS2d 328] —In an action, *inter alia,* to recover damages for the negligent demolition of two buildings, the defendants City of Middletown, Joseph M. DeStefano, and Alfred A. Fusco, Jr., appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 19, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs, tenants of two buildings demolished at the direction of the appellants City of Middletown, Joseph DeStefano, the Mayor of the City of Middletown, and Alfred Fusco, Jr., the Commissioner of Public Works, commenced this action to recover damages allegedly arising from the demolitions. After issue was joined, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court denied the motion. We reverse.

In support of their motion for summary judgment, the appellants established a prima facie case of entitlement to judgment as a matter of law. The appellants proffered evidence that the immediate demolition of the buildings was required by an

emergency situation, i.e., the buildings were in imminent danger of collapse and posed an immediate peril to the public health and safety (*see, Starik v City of New York,* 68 AD2d 936; 7A McQuillan, Municipal Corporations § 24.561 [3d ed]; *cf., Scott v Town of Duanesburg,* 176 AD2d 989). In opposition thereto, the plaintiffs failed to proffer evidence in admissible form sufficient to raise a triable issue of fact. Thus, summary judgment dismissing the complaint insofar as asserted against the appellants was warranted. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.