■ HOME DOC CORP., Appellant, v CITY OF NEW YORK, Respondent. [746 NYS2d 42]

The plaintiff, Home Doc Corp., held a valid mortgage on certain real property in Brooklyn. The plaintiff commenced a foreclosure action on the mortgage in October 1997 in which it named and served the defendant City of New York as one of the defendants. The plaintiff filed a notice of pendency in the office of the Kings County Clerk on October 28, 1997.

On June 23, 1998, while the foreclosure action was pending, the defendant inspected the premises and recommended demolition. In October or November 1998, the defendant demolished the subject premises, without giving the plaintiff any notice of its intention to do so.

As the defendant correctly concedes, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. Generally speaking, it is a violation of due process to demolish a building without giving notice and an opportunity to be heard to a party that has a valid interest in the premises (*see Calamusa v Town of Brookhaven*, 272 AD2d 426, 427). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence that it had a valid mortgage on the premises and the defendant had knowledge of the mortgage (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In response, the defendant failed to raise a triable issue of fact that notice was not required because the building posed an immediate peril to the health and safety of the community at large (*see Calamusa v Town of Brookhaven, supra; cf. Merino v City of Middletown*, 272 AD2d 454). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted, the defendant's cross motion for summary judgment dismissing the complaint should have been denied, and the matter must be remitted to the Supreme Court, Queens County, for a trial on the issue of damages. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.