■ PHILIP J. SIRLIN, Respondent, v TOWN OF NEW CASTLE et al., Appellants. [790 NYS2d 484]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered April 7, 2004, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the factual allegations of the complaint must be deemed to be true, and the court must afford the plaintiff the benefit of all favorable inferences that can be drawn from the complaint (*see Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318 [1995]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Johnson v Kings County Dist. Attorney's Off.,* 308 AD2d 278 [2003]). Applying this standard here, we reject the defendant's contention that the complaint fails to state a cause of action, inter alia, to recover damages for false arrest and malicious prosecution. The factual allegations in the complaint set forth a cause of action that the plaintiff's arrest for harassment in the second degree in violation of Penal Law § 240.26 (3) was not supported by probable cause and therefore, was not legally justified (*see Broughton v State of New York,* 37 NY2d 451 [1975], *cert denied* 423 US 929 [1975]; *see also People v Valerio,* 60 NY2d 669 [1983]; *People v Otto,* 40 NY2d 864 [1976]; *People v Chasserot,* 30 NY2d 898 [1972]; *Krisanda v Miller,* 205 AD2d 1029 [1994]). Moreover, contrary to the defendants' contention, the factual allegations in the complaint did not establish that the defense of qualified immunity applies (*see Colao v Mills,* 3 AD3d 702 [2004]; *Kubik v New York State Dept. of Social Servs.,* 278 AD2d 644 [2000]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.