■ In the Matter of KENNETH MARCH et al., Appellants, v CITY OF ALBANY, Respondent. [799 NYS2d 650]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered May 18, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to remove a lien against their real property.

In February 2003, respondent ordered that a vacant structure on petitioners' property be demolished out of concerns for public safety. It then billed petitioners for the $15,000 in demolition costs and informed them that their failure to pay this sum would result in it being added to their tax bill as a lien against the property. Petitioners commenced this proceeding seeking to set aside the bill and remove the lien. Following a hearing, Supreme Court dismissed the petition, and we now affirm.

The record supports Supreme Court's factual finding that petitioners' structure was in imminent danger of collapse and, thus, posed a danger to the public such that respondent was authorized to demolish it without notice to them under Albany City Code § 133-55 (A) and (B). Respondent's deputy fire chief, who has received extensive training on building construction and collapse in his near three decade tenure with the fire department, testified that he was alerted to a partial collapse of the structure on February 28, 2003. On that date, he personally inspected the building at ground level, as well as directed a fire captain with 25 years experience to inspect it on an aerial ladder.

These inspections revealed, among other conditions, fallen bricks in the vicinity, a collapse at the roof level, a collapsed rear wall which was pulling away from the side walls and roof, a deteriorating front soffit and cornice, bowing of the north and south walls, collapse of the structure's northwest corner, floors that had shifted and a crack in the foundation of the north wall. The fire captain's aerial observations specifically revealed exces-

sive snow and ice on the roof, as well as sagging floors. In the deputy chief's opinion, the building was in danger of imminent collapse and a threat to public safety (cf. *Scott v Town of Duanesburg*, 176 AD2d 989, 991 [1991]).* Significantly, Supreme Court found the deputy chief to be "the most credible witness" at the hearing.

Since the record supports a finding that demolition of the building was required by an emergency situation, namely, it was in imminent danger of collapse and posed an immediate danger to the public (*see* Albany City Code § 133-55 [A], [B]; *see e.g. Merino v City of Middletown*, 272 AD2d 454, 454-455 [2000]; *Starik v City of New York*, 68 AD2d 936 [1979]; *cf. Calamusa v Town of Brookhaven*, 272 AD2d 426, 427 [2000]; *Scott v Town of Duanesburg, supra* at 991), respondent was entitled to recover from petitioners the cost incurred in abating the emergency (*see* Albany City Code § 133-55 [C]). Thus, the judgment dismissing the petition is affirmed.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We reject petitioners' contention that the deputy chief was "neither qualified nor competent" to make this assessment or that his "inspection of the structure was superficial at best."