██ LISA TUCKER, Individually and as Parent and Guardian of BIANCA TUCKER, an Infant, Appellant, v CITY OF ALBANY DEPARTMENT OF FIRE EMERGENCY AND BUILDING SERVICES, Respondent. [868 NYS2d 819]—

Mercure, J.P.

Plaintiff is the owner of a two-family home located in the City of Albany. One evening in June 2003, after hearing a loud noise, plaintiff discovered that a portion of the home's foundation had collapsed. She then contacted a friend, who called 911 and summoned defendant to the home. After determining that the home was in danger of imminent collapse and a threat to the public safety, defendant ordered that it be demolished the following morning. Plaintiff thereafter commenced this action, individu-

ally and on behalf of her daughter, asserting claims of negligence and trespass. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals.

We affirm. Defendant satisfied its initial burden to come forward with proof establishing its entitlement to judgment as a matter of law and plaintiff failed to raise a genuine issue of fact in opposition thereto (*see Merino v City of Middletown*, 272 AD2d 454, 454-455 [2000]; *compare Scott v Town of Duanesburg*, 176 AD2d 989, 991 [1991]). Defendant submitted, among other things, the deposition testimony of Deputy Fire Chief Robert Forezzi, who has had ample experience in building inspection and code enforcement during his 30-year tenure with defendant. Forezzi testified that he personally inspected the outside of the house and, further, that several firefighters inspected the inside and reported their findings to him. Based upon this, Forezzi stated that the rear wall of the house had collapsed, leaving a "gaping hole" in the foundation and causing bowing of the west wall, sagging of the floors, cracks in the walls and ceilings, and shifting of the house such that the rear doors and windows were no longer operable. This shifting also caused the house to lean downhill. In Forezzi's opinion, the house was in danger of imminent collapse and a threat to the public safety, as the result of which he and the City's Commissioner of Public Safety decided, in accordance with Albany City Code § 133-55 (A) and (B), that demolition was necessary (*see Matter of March v City of Albany*, 21 AD3d 687, 687-688 [2005]; *see also Merino v City of Middletown*, 272 AD2d at 454-455).

In opposition, plaintiff relied principally on the affidavit of Richard Green, a licensed structural engineer, who stated that the failure of the foundation in one corner of a house "does not necessarily mean that the structure is beyond salvaging" and, further, that defendant should have served plaintiff with a notice of violation and order to abate, thus providing her with time to obtain the opinion of a structural engineer. Inasmuch as these statements were merely " 'speculative [and] unsupported by any evidentiary foundation,' " summary judgment dismissing the complaint was warranted (*Alger v CVS Mack Drug of N.Y., LLC*, 39 AD3d 928, 930 [2007], quoting *Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1323 [2008]). To the extent that plaintiff raises an alleged violation of due process for the first time on appeal, this issue is not preserved for our review (*see People ex rel. Velez v Artus*, 49 AD3d 1109, 1110 [2008], *lv denied* 10 NY3d 716 [2008]).

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.