■ DAVID HOPPER et al., Appellants, v SUSAN McCOLLUM, Respondent. [885 NYS2d 304]—

In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated July 14, 2008, which, in effect, converted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint into one for summary judgment dismissing the complaint, and granted the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the converted motion for summary judgment dismissing the complaint and substituting therefor a provision denying the converted motion; as so modified, the order is affirmed, with costs to the appellants.

On January 18, 2006, the plaintiffs' garage was damaged

when portions of an allegedly decayed and fractured tree located on the defendant's adjacent property fell onto it. The plaintiffs made a claim under their homeowners' insurance policy and were paid the policy limit, defined as the actual cash value of the loss under the policy provision entitled "Other Structures Protection." While the plaintiffs could have sought additional reimbursement from their insurance carrier if they submitted proof that they repaired, rebuilt, or replaced the garage within 180 days of payment, they did not do so. In February 2007 the plaintiffs commenced this action against the defendant. Approximately one month later, the defendant interposed a verified answer. In June 2008 the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the plaintiffs had received payment through their homeowners' insurance policy and were not entitled to any additional recovery from her. The Supreme Court, in effect, converted the motion to dismiss into one for summary judgment dismissing the complaint and granted the motion. We modify.

The Supreme Court properly, in effect, converted the motion to dismiss to one for summary judgment since it was made after issue had been joined (*see Fischer v RWSP Realty, LLC*, 53 AD3d 594, 595 [2008]; *Schultz v Estate of Sloan*, 20 AD3d 520 [2005]; *Tufail v Hionas*, 156 AD2d 670, 671 [1989]), and the parties clearly charted a summary judgment course by laying bare their proof and submitting documentary evidence and evidentiary affidavits (*see Myers v BMR Bldg. Inspections, Inc.*, 29 AD3d 546 [2006]; *Jamison v Jamison*, 18 AD3d 710, 711 [2005]). However, upon such conversion, the Supreme Court erred in granting the defendant's converted motion for summary judgment dismissing the complaint. Contrary to the defendant's contention, the plaintiffs are not precluded from maintaining this action against the defendant simply because they received payment from their insurance carrier (*see generally Fisher v Qualico Contr. Corp.*, 98 NY2d 534, 538 [2002]; *Spectra Audio Research, Inc. v Chon*, 62 AD3d 561 [2009]; *Corsa v Pacific Indem. Co.*, 52 AD3d 450, 451 [2008]; *Winkelmann v Hockins*, 204 AD2d 623, 623-624 [1994]). If the trier of facts in this matter finds the defendant liable and awards damages to the plaintiffs, then the plaintiffs' receipt of the insurance payment may be relevant as a possible setoff against the damages award (*see* CPLR 4545 [c]; *Fisher v Qualico Contr. Corp.*, 98 NY2d at 539-540).

The remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.