ONE MONROE, LLC, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Respondents. [932 NYS2d 153]—

On May 24, 2008, in response to a complaint, an inspector from the New York City Department of Buildings (hereinafter the DOB) inspected a building owned by the plaintiff/petitioner (hereinafter the plaintiff). Upon inspection, the DOB issued a 24-hour order to vacate the premises to all tenants/occupants of the building, and the City of New York commenced demolition of the building. The plaintiff subsequently commenced this

hybrid action, inter alia, to recover damages for injury to property, and proceeding pursuant to CPLR article 78, inter alia, to review the determination of the DOB to demolish the building. The City, the DOB, Robert LiMandri, as Commissioner of the DOB, Bryan Winter, as Brooklyn Deputy Borough Commissioner of the DOB, the New York City Landmarks Preservation Commission (hereinafter the LPC), Robert B. Tierney, as Chair/Commissioner of the LPC, the Department of Housing Preservation and Development of the City of New York (hereinafter the DHPD), and Rafael E. Cestero, as Commissioner of the DHPD (hereinafter collectively the city defendants) moved to dismiss the complaint/petition insofar as asserted against them pursuant to CPLR 3211. The Supreme Court granted the motion. We affirm.

Initially, contrary to the plaintiff's contention, although the city defendants' motion was made pursuant to CPLR 3211, the parties made it " 'unequivocally clear' that they were 'laying bare their proof' and 'deliberately charting a summary judgment course' " by submitting extensive documentary evidence, factual affidavits, and expert affidavits in support of their respective positions (*Sokol v Leader*, 74 AD3d 1180, 1183 [2010], quoting *Four Seasons Hotels v Vinnik* 127 AD2d 310, 320 [1987]; *see Hopper v McCollum*, 65 AD3d 669, 670 [2009]; *Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 99 [2009]; *Harris v Hallberg*, 36 AD3d 857, 858 [2007]). Thus, application of a summary judgment standard is appropriate (*see Hopper v McCollum*, 65 AD3d at 670; *Harris v Hallberg*, 36 AD3d at 858).

"In the exercise of its police powers [a] municipality may demolish a building without providing notice and an opportunity to be heard if there are exigent circumstances which require immediate demolition of the building to protect the public from imminent danger" (*Rapps v City of New York*, 54 AD3d 923, 923 [2008] [internal quotation marks omitted]). Here, the city defendants submitted evidence establishing, prima facie, the existence of such exigent circumstances (*see Merino v City of Middletown*, 272 AD2d 454, 454-455 [2000]; *Marigin v City of New York*, 215 AD2d 539, 539-540 [1995]; *Starik v City of New York*, 68 AD2d 936 [1979]). The evidence submitted by the plaintiff in opposition failed to raise a triable issue of fact with respect to the condition of the premises at the time the demolition was commenced (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.