Lahtinen, J.P.
Appeal from a judgment of the Supreme Court (Devine, J.), entered July 26, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, granted certain respondents’ motion to dismiss the petition/complaint.
Following a fire at a building owned by petitioner Nadia Fer-ran, officials in the City of Albany Fire Department determined that the building was in imminent danger of collapse constituting an immediate threat to public safety. An independent engineer agreed and an emergency demolition was then ordered, which began the day of the fire and finished shortly thereafter. Petitioners, pro se, commenced this combined CPLR article 78 proceeding and plenary action setting forth numerous claims of alleged wrongful conduct. Respondents City of Albany, Albany Department of Fire Emergency and Building Services, Mayor of *1195 the City of Albany, Fire Chief of the City of Albany, and certain anonymous respondents (hereinafter collectively referred to as the municipal respondents) made a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion and petitioners appeal.
Initially, we agree with Supreme Court that petitioner Mark R. Ferran lacks standing to pursue this matter. “Standing is a threshold issue requiring an actual legal stake in the outcome of the action, namely an injury in fact worthy and capable of judicial resolution” (Aiardo v Town of E. Greenbush, 64 AD3d 849, 851 [2009] [internal quotation marks and citations omitted]). Inasmuch as Mark Ferran does not own or have any possessory interest in the subject property, he does not have any injury in fact or any actual stake in the outcome of this matter (see Wild v Hayes, 68 AD3d 1412, 1414 [2009]; Klein v Trout Lake Preserve Homeowners’ Assn., 179 AD2d 967, 968 [1992]).
Next, the municipal respondents’ motion to dismiss should not have been granted as to Nadia Ferran (hereinafter Ferran). “On a motion to dismiss, under CPLR 7804 (f) or CPLR 3211 (a) (7), the court must look at the petition/complaint itself, accepting all of its allegations as true, to determine whether a cause of action exists” (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 81 AD3d 145, 148 [2011] [citations omitted], mod 19 NY3d 106 [2012]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1131 [2013]). Ferran stated a cause of action in the plenary action in that she asserted that respondents utilized the emergency procedure in an abusive and arbitrary fashion with animus directed at her and also that she had no meaningful post-deprivation remedy (see Catanzaro v Weiden, 188 F3d 56, 62-63 [2d Cir 1999]; Canzoneri v Incorporated Vil. of Rockville Centre, — F Supp 2d —, —, 2013 WL 6330671, *8-9, 2013 US Dist LEXIS 171698, *19-22 [ED NY 2013]). Further, there is evidence in the record that the $58,750 cost of demolition was charged to and became a lien on the subject property, which the owner can challenge in a CPLR article 78 proceeding (see Matter of March v City of Albany, 21 AD3d 687, 687 [2005]). While all or part of Ferran’s assertions might not be sufficient to withstand a motion for summary judgment supported by competent proof that the municipal respondents reasonably believed an emergency existed (see WWBITV, Inc. v Village of Rouses Point, 589 F3d 46, 52 [2d Cir 2009]; Catanzaro v Weiden, 188 F3d at 63; Tucker v City of Albany Dept. of Fire Emergency & Bldg. Servs., 57 AD3d 1078, 1079 [2008], lv denied 12 NY3d *1196 704 [2009]; Matter of March v City of Albany, 21 AD3d at 688), nevertheless adequate facts are alleged to avoid pre-answer dismissal as to Ferran (see generally Canzoneri v Incorporated Vil. of Rockville Centre, 2013 WL 6330671, *9, 2013 US Dist LEXIS 171698, *23 [2013]).* The remaining arguments are academic or unavailing.
Stein, Garry and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted certain respondents’ motion to dismiss the petition/complaint against petitioner Nadia Ferran; said respondents’ motion denied to that extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court’s decision; and, as so modified, affirmed.

 The various grounds urged by respondents for dismissal, including the defense of immunity, are best raised under the circumstances after issue is joined and by motion for summary judgment (see e.g. Tucker v City of Albany Dept. of Fire Emergency & Bldg. Servs., 57 AD3d at 1079; Sirlin v Town of New Castle, 15 AD3d 387, 387 [2005]).