■ Jack Rapps et al., Respondents, v City of New York, Appellant. [7 NYS3d 302]—

In an action, inter alia, to recover damages for the wrongful demolition of a building, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Maltese, J.), dated February 25, 2013, as denied that branch of its motion which was to set aside the jury verdict and to direct judgment notwithstanding the verdict in its favor, and granted those branches of the plaintiffs' motion which were to vacate a certain tax lien imposed on the plaintiffs' building for the cost of demolition of the building, and for an award of an attorney's fee in the sum of $119,000.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"A municipality may demolish a building without providing notice and an opportunity to be heard if there are exigent circumstances which require immediate demolition of the building to protect the public from imminent danger" (*Calamusa v Town of Brookhaven*, 272 AD2d 426, 427 [2000]; *see Home Doc Corp. v City of New York*, 297 AD2d 277, 278 [2002]). "[W]here there is competent evidence allowing the official to reasonably believe that an emergency does in fact exist, or that affording predeprivation process would be otherwise impractical, the discretionary invocation of an emergency procedure results in a constitutional violation only where such invocation is arbitrary or amounts to an abuse of discretion" (*Catanzaro v Weiden*, 188 F3d 56, 63 [1999]). Here, contrary to the defendant's contention, there exists a valid line of reasoning and permissible inferences by which the jury could have rationally

concluded that the defendant's determination that immediate demolition of the building was required in order to protect the public from imminent danger was arbitrary (see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The Supreme Court properly granted that branch of the plaintiffs' motion which was for an award of an attorney's fee pursuant to 42 USC § 1988 (b), as they were "prevailing part[ies]" (*Farrar v Hobby*, 506 US 103, 113 [1992]), and the amount awarded under the circumstances was reasonable (see *id.* at 114-115).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur. █