■ ALYCE IAVARONE et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [11 NYS3d 221]—

In an action, inter alia, to recover damages for the wrongful demolition of a building, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 19, 2013, as granted that branch of the motion of the defendant City of

New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In the exercise of its police powers [a] municipality may demolish a building without providing notice and an opportunity to be heard if there are exigent circumstances which require immediate demolition of the building to protect the public from imminent danger" (*One Monroe, LLC v City of New York*, 89 AD3d 812, 813 [2011] [internal quotation marks omitted]; *see Home Doc Corp. v City of New York*, 297 AD2d 277, 278 [2002]). "[W]here there is competent evidence allowing the official to reasonably believe that an emergency does in fact exist, or that affording predeprivation process would be otherwise impractical, the discretionary invocation of an emergency procedure results in a constitutional violation only where such invocation is arbitrary or amounts to an abuse of discretion" (*Catanzaro v Weiden*, 188 F3d 56, 63 [2d Cir 1999]). Here, the defendant City of New York made a prima facie showing that its decision to cause the demolition of the subject building was not arbitrary or an abuse of discretion (*see WWBITV, Inc. v Village of Rouses Point*, 589 F3d 46, 51-52 [2d Cir 2009]; *Catanzaro v Weiden*, 188 F3d at 63; *One Monroe, LLC v City of New York*, 89 AD3d at 813). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.