■ DAVID MYERS III et al., Appellants-Respondents, v BMR BUILDING INSPECTIONS, INC., Defendant, and BART RODI, P.E., et al., Respondents-Appellants. [814 NYS2d 686]—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 4, 2004, as corrected by order of the same court, dated October 25, 2004, as, upon converting the motion of the defendants Bart Rodi P.E. and Bart Rodi, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, to one for summary judgment, granted those branches of their motion which were to dismiss the first, second, third, and sixth causes of action insofar as asserted against those defendants, and the defendants Bart Rodi P.E. and Bart Rodi cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the fifth cause of action insofar as asserted against them.

Ordered that the order, as corrected, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court properly converted the motion to dismiss the complaint to one for summary judgment because the parties made "it unequivocally clear that they [were] laying bare their proof and deliberately charting a summary judgment course" (*Jamison v Jamison*, 18 AD3d 710, 711 [2005] [internal quotation marks omitted]; *see Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]; *Dunn v B&H Assoc.*, 295 AD2d 396, 397 [2002]).

Furthermore, the defendants Bart Rodi, P.E., and Bart Rodi were entitled to summary judgment dismissing the first, second, and third causes of action insofar as asserted against them since those defendants acted as corporate representatives and not in their individual capacity (*see Solow v New N. Brokerage Facilities*, 255 AD2d 198 [1998]).

The parties' remaining contentions are without merit. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.