CONSTANCE WALKER, Respondent, v WINDSOR COURT HOMEOWNERS ASSOCIATION et al., Appellants. [827 NYS2d 214]—

In an action, inter alia, to remove a lien against real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 19, 2005, as denied those branches of their motion which were for summary judgment dismissing the fifth and sixth causes of action sounding in selective enforcement, and for summary judgment dismissing the complaint to the extent that it was asserted against them in their individual capacities, and searched the record and awarded the plaintiff summary judgment on her cause of action to remove the lien.

Ordered that the order is modified, on the law, by deleting the

provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action and for summary judgment dismissing the complaint to the extent that it was asserted against them in their individual capacities, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Since May 16, 1989 the plaintiff has owned Unit #10 at the Windsor Court development in Poughkeepsie. From December 1996 through July 1997, James Simon, Tracy Simon, and their children were the plaintiff's tenants in the unit. When the Simons were living in her unit, the plaintiff began to receive violation notices from Windsor Court Homeowners Association (hereinafter WCHA) that were followed up by certified letters of violation and fines. The plaintiff never paid these fines to WCHA, which resulted in the Board of Directors of the Windsor Court Homeowners Association (hereinafter the Board) placing a lien on her unit in April 1999.

The plaintiff commenced the instant action against WCHA, Edward Ginsberg, Daniel Kozuch, Jean Smith, Mary Travis, Sharon Zammiello, and Linda Ziegler, individually and collectively, as former and/or present members of the Board of Directors of Windsor Court Homeowners Association. As her first, second, and fourth causes of action, she alleged that the Board lacked the authority, inter alia, to place a lien on her property and sought damages. As her third cause of action, she alleged that the Board lacked the authority, inter alia, to place a lien on her property and sought its removal. As her fifth and sixth causes of action, she alleged that the Board selectively enforced the WCHA Rules and Regulations by failing to prevent the defendant Smith from encroaching on common areas.

The defendants subsequently moved for summary judgment dismissing the complaint. By order dated July 19, 2005, the Supreme Court denied the defendants' motion and, upon searching the record, granted the plaintiff summary judgment on her third cause of action.

The Supreme Court properly searched the record and awarded the plaintiff summary judgment on her third cause of action. The plaintiff was entitled to judgment as a matter of law, and there were no triable issues of fact as to whether the defendants erred in placing a lien on her property (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Pursuant to article VI, section 5 of the declaration of covenants, restrictions, easements, charges

and liens for Windsor Court (hereinafter the Declaration), the Board can impose a lien on the property of a homeowner in the development for unpaid assessments. As is clear from article VI, section 3 and 4 of the Declaration, the term "assessment" has its standard definition of a charge against real estate made by an association to cover maintenance and operating expenses. The Board thus was entitled to impose a lien on property for unpaid assessments but not for unpaid fines, which are sanctions imposed for failure to comply with the WCHA rules and regulations.

The Supreme Court erred in denying those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action sounding in selective enforcement. The defendants demonstrated their entitlement to judgment as a matter of law on this issue, presenting evidence that under the WCHA rules and regulations, changes can be made to common areas after receiving Board approval. As Smith indicated in her deposition, she made a written request to the Board for alterations that she made to common areas, and the Board then approved that request. Thus, there was no ground for the Board to sanction Smith.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff noted that according to the WCHA rules and regulations, no change or alteration to the exterior of units shall be made unless the owner submits to the Board plans and specifications showing the nature, kind, shape, heights, materials, color, and locations of the same. The plaintiff presented no evidence that Smith changed or altered the exterior of her unit, and her claim that the written request that Smith submitted to the Board failed to comply with any of the rules and regulations is mere speculation (see Platt v Wolman, 29 AD3d 663 [2006]).

The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint to the extent that it was asserted against them in their individual capacities. The defendants demonstrated their entitlement to judgment as a matter of law on this issue by presenting Smith's affidavit, which indicated that the defendants Ginsberg, Zammiello, and Ziegler were not members of the Board either while the Simons were the plaintiff's tenants or when the lien was imposed on the plaintiff's property. Accordingly, they could not be held individually liable for placing the lien on the plaintiff's property. Furthermore, while the defendants Kozuch, Travis, and Smith were Board members during both of these periods of time, according to Smith, none of them acted individually without the authority of a vote by

the Board. Thus, they could not be held liable in their individual capacities (*see Myers v BMR Bldg. Inspections, Inc.*, 29 AD3d 546 [2006]; *Bernstein v Starrett City*, 303 AD2d 530 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.