09-1927-cv
*O'Reilly v. Connecticut Light & Power Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of March, two thousand and ten.

PRESENT: ROBERT D. SACK,
　　　　　RICHARD C. WESLEY,
　　　　　　　　　*Circuit Judges*,
　　　　　RICHARD K. EATON,
　　　　　　　　　*Judge.*[*]

------------------------------------------

MICHAEL J. O'REILLY and JOHN T. O'REILLY,

　　　　　　　*Plaintiffs-Appellants*,

　　　　-v.-　　　　　　　　　　　09-1927-cv

CONNECTICUT LIGHT & POWER COMPANY, DIANE H. BROWN, MARY GOFFIN, and NORTHEAST UTILITIES,

　　　　　　　*Defendants-Appellees.*

------------------------------------------

[*] The Honorable Richard K. Eaton, United States Court of International Trade, sitting by designation.

FOR APPELLANTS:     MICHAEL J. O'REILLY and JOHN T.
                    O'REILLY, *pro se*, Guilford, CT.

FOR APPELLEES:      HOWARD K. LEVINE, Carmody & Torrance LLP,
                    New Haven, CT (Duncan R. MacKay and
                    Alicia B. Davenport, Northeast Utilities
                    Service Company, Legal Department,
                    Berlin, CT, *on the brief*).

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **AFFIRMED.**

Plaintiffs-appellants Michael O'Reilly and John O'Reilly, both *pro se*, commenced this action pursuant to, *inter alia*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and Connecticut law. The district court granted summary judgment in favor of defendants, and it denied plaintiffs' subsequent motion for reconsideration. Plaintiffs appeal both decisions.[1] We assume the parties' familiarity with

_____

[1] We have jurisdiction to review both the district court's February 2, 2009 order and its April 2, 2009 denial of plaintiffs' motion for reconsideration. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008). However, plaintiffs have not challenged the district court's

the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's order granting summary judgment. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 183 (2d Cir. 2006). Having conducted a thorough and independent review of the parties' submissions and the appellate record, we conclude that the district court properly granted summary judgment in favor of defendants. First, Michael O'Reilly failed to adduce sufficient evidence that defendants discriminated against him "'by reason of'" his disability. *Bolmer v. Oliveira*, 594 F.3d 134, 148 (2d Cir. 2010) (quoting 42 U.S.C. § 12132). Therefore, summary judgment was appropriate as to his claim under Title II of the ADA. Second, with respect to Michael O'Reilly's FHA claim, we agree with the district court that a rational trier of fact could not conclude from this record that defendants violated the statute in the manner that plaintiff alleges. Third, the district court properly dismissed both plaintiffs' FDCPA claims because no defendant in this action is a "debt collector" under the statute. *See* 15 U.S.C. §

April 22, 2008 dismissal of John O'Reilly's claims under the ADA and FHA, and both plaintiffs' claims pursuant to the Federal Trade Commission Act, 15 U.S.C. § 1692*l*.

3

1692a(6).  Finally, because each of plaintiffs' federal claims was properly dismissed, the district court acted within its discretion by declining to exercise supplemental jurisdiction over the remaining state-law claims.  *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 52 (2d Cir. 2009).  Accordingly, the district court did not err by granting defendants' motion for summary judgment.

Following the district court's entry of summary judgment, plaintiffs' filed a timely motion for reconsideration.  The district court denied this motion, and we review that conclusion for abuse of discretion.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).  However, for substantially similar reasons to those stated by the district court in its April 2, 2009 order, that motion was properly denied as well.

We have considered each of plaintiffs' arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4