**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-3296 & 14-4110
_____

CALVIN BUTLER,
                                        Appellant

v.

CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT; HARDEN,
Assistant District Attorney; OFFICER PEREZ, Badge Number Omitted; GERALD
STEIN, Esq.; DISTRICT ATTORNEY PHILADELPHIA; OFFICER JUAN BORRERO;
OFFICER BARR

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-01955)
District Judge:  Honorable Thomas N. O'Neill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2015

Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 9, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Calvin Butler appeals the District Court's orders dismissing his amended complaint in part and granting summary judgment in favor of the remaining defendants. For the reasons detailed below, we will affirm the District Court's judgment.

This case arises out of Butler's October 17, 2010 arrest. At about 9:45 p.m. on that day, Butler was parked on West Lehigh Avenue in Philadelphia, waiting for a friend with whom he planned to "get high." The friend was late, and Butler leaned back and rested his head against the headrest. Philadelphia Police Officers Barr and Borrero then approached his car. According to them, they found Butler passed out with a belt tied around his arm; nearby, the officers saw a bloody hypodermic needle, pills, and other items indicative of drug use. They roused Butler, ordered him to exit the automobile, and observed that he was incoherent, glassy eyed, and unsteady on his feet. Butler acknowledges that the officers found the needle, pills, and belt, but claims that the former two were medication for diabetes and the latter was merely an innocuous article of clothing. In any event, the officers arrested Butler for driving under the influence.

Butler was subsequently charged with driving under the influence in violation of 75 Pa. Cons. Stat. § 3802. Butler retained attorney Gerald Stein to represent him. According to Butler, at either a pretrial or trial proceeding, Philadelphia Police Officer Perez testified about the circumstances surrounding Butler's arrest — despite, Butler

2

claims, having no involvement in the arrest.  Ultimately, Butler's case was dismissed due to the Commonwealth's failure to prosecute.

After proceedings not relevant here, Butler filed an amended complaint, naming as defendants Officers Barr, Borrero, Perez; the City of Philadelphia; Attorney Stein; District Attorney Seth Williams; and Assistant District Attorney Kevin Harden. Proceeding under 42 U.S.C. § 1983, Butler alleged that the defendants had violated his constitutional rights in a variety of ways; he also asserted numerous state-law claims. The District Court granted Attorney Stein's motion to dismiss.  Butler then filed a notice of appeal as to that order, and the District Court certified the order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  That appeal has been docketed at C.A. No. 13-3296.  Subsequently, the District Court granted summary judgment to the remaining defendants.  Butler appealed that order; that appeal has been docketed at C.A. No. 14-4110.  We have consolidated the two cases.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise a plenary standard of review over the District Court's orders.  See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment).

We agree with the District Court's analysis of this case.  As the District Court explained, to state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor."  Kach v. Hose, 589 F.3d

3

626, 646 (3d Cir. 2009) (emphasis added).  It is well established that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).  This rule is fatal to Butler's federal claims against Attorney Stein.  Butler tries to avoid this conclusion by alleging that Stein possessed an affidavit that suggested that, despite Butler's recollection, Perez had had a role in his arrest.  Butler asserts that Stein's possession of this document reveals that he was involved in a conspiracy with the federal defendants and thus acted under color of state law.  These allegations are altogether too tenuous to provide "'plausible grounds to infer an agreement.'"  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Accordingly, the District Court did not err in dismissing Butler's § 1983 claims against Attorney Stein.[1]

Nor did the District Court err in granting summary judgment to Officers Barr and Borrero on Butler's claims of false arrest and false imprisonment.  To prevail under either theory, Butler was required show that the officers arrested him without probable cause.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995).  An arrest is performed with probable cause if "at the moment the arrest was made the facts and

---

[1] Butler also asserted state-law claims against Attorney Stein.  The District Court did not err in declining to exercise supplemental jurisdiction over those claims.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999); see also WWBITV, Inc. v. Vill.

circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005) (quotation marks, alterations omitted). "Probable cause need only exist as to any offense that could be charged under the circumstances." Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

We agree with the District Court that a reasonable jury would not find that the officers lacked probable cause to arrest Butler for possessing drug paraphernalia in violation of 35 Pa. Cons. Stat. § 780-113(a)(32). Butler acknowledges that, as the officers reported, he possessed hypodermic needles at the time of his arrest, which qualify as "drug paraphernalia" under the statute. See 35 Pa. Cons. Stat. § 780-102(b). While Butler contends that he used the needles for a medical purpose, the other undisputed "facts and circumstances within the officers' knowledge" — including that Butler was incoherent, glassy eyed, and unsteady on his feet; that there was also a belt in a location suggesting that Butler used it in conjunction with the needle; and that there were other items in the car that appeared to be either illegal drugs or the trappings thereof — were sufficient to establish probable cause that Butler possessed drug paraphernalia. Because this evidence would not reasonably support a contrary factual finding, the

of Rouses Point, 589 F.3d 46, 52 (2d Cir. 2009).

District Court did not err in granting summary judgment to the defendants. See Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000).

Finally, we will affirm the District Court's grant of summary judgment to Officer Perez on Butler's claim that Perez testified falsely at his trial or in pretrial hearings. As the District Court explained, police officers are absolutely immune from damages liability based on their testimony in court proceedings. See Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988).

Accordingly, we will affirm the District Court's judgment.[2]

---

[2] While Butler presented several other claims in the District Court — including, among others, claims against District Attorney Seth Williams and Assistant District Attorney Kevin Harden — he has not discussed them in his briefs on appeal, and has therefore waived review of the District Court's disposition of those claims. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Further, Butler complains that Officer Perez did not answer his complaint, but that is not accurate; Officer Perez filed an answer on December 19, 2013.