*Neal v. Town of East Haven*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand seventeen.

PRESENT:
 ROBERT D. SACK,
 SUSAN L. CARNEY,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

_____

DAVID SHAUN NEAL,
  *Plaintiff-Appellant*,

 V.                                               No. 16-3106

TOWN OF EAST HAVEN, EAST HAVEN POLICE DEPARTMENT,
EAST HAVEN BOARD OF POLICE COMMISSIONERS,
  *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        David Shaun Neal, *pro se*, Tuxedo, New York.

FOR DEFENDANTS-APPELLEES:        Hugh F. Keefe, Lynch, Traub, Keefe & Errante, P.C.,
                                 New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered August 25, 2016, is **AFFIRMED**.

Appellant David Shaun Neal, proceeding *pro se*, appeals from the dismissal of his amended complaint against the Town of East Haven, the East Haven Police Department, and the East Haven Board of Police Commissioners. The amended complaint asserts a Fourteenth Amendment procedural due process claim arising from Neal's receiving a parking ticket in East Haven, Connecticut. Neal also appeals from the denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's dismissal *de novo. Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566-67 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017) (internal quotation marks omitted).

"Due process requires that before state actors deprive a person of [his] property, they offer [him] a meaningful opportunity to be heard." *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 50 (2d Cir. 2009). Neal alleges that, although the Town of East Haven has an administrative process for contesting parking tickets, his parking ticket contained no reference to that process, "[n]o hearing was held" regarding his objections to his ticket, and "yet the State now seeks to recover several hundred dollars from [him]." Am. Compl. ¶ 35. We assume for present purposes that Neal means not only that no formal oral hearing was convened, but also that defendants never even reviewed Neal's objections in an informal manner that might satisfy due process.

Neal's allegations are inadequate in their want of any description as to *why* no hearing was held. Due process entitles Neal only to an *opportunity* to be heard, and no due process claim lies if Neal has failed to act on an opportunity to be heard. *Sherman v. Town of Chester*, 752 F.3d 554, 568 (2d Cir. 2014). Although Neal asserts the legal conclusion that he was

denied an opportunity to be heard through the administrative process, he does not support that assertion with any factual detail. Neal does not, for example, allege that he requested a hearing and was ignored or turned away. Nor does Neal allege that he learned of his right to contest the ticket too late to act on that right. In fact, given Neal's allegation that he discovered the Town's administrative process by searching the internet, the amended complaint supports the opposite inference: that Neal learned of his right to contest the ticket in time to do so.

The amended complaint also suggests that Neal's due process claim is speculative and not yet ripe. Neal alleges that "the State now seeks" money from him without having held a hearing, Am. Compl. ¶ 35, implying that defendants have not yet actually collected a fine from Neal. The amended complaint leaves wide open the possibility that defendants have yet to make a final decision about Neal's ticket, and that there is still an opportunity for Neal to contest the ticket in some manner before his property is taken.

It also follows from the preceding observations that the amended complaint lacks an adequate basis for Neal's claim that, because the parking ticket itself bore no information about any right to contest the ticket, he was unconstitutionally denied proper notice of that right. Even if due process requires parking tickets to bear information about appeal rights—an issue we do not reach—Neal cannot state a claim for violation of his due process rights if he had *actual* and timely notice of his right to contest the ticket. *See In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995) ("[D]ue process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right."); *United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 482 (2d Cir. 1992) (rejecting an argument that the government denied a claimant due process by failing to publish a notice of a seizure, given that the claimant had actual notice of the seizure and filed a claim to the seized property). As discussed above, the amended complaint does not allege facts even suggesting that Neal's awareness of the Town's administrative process came too late for him to contest the ticket before a fine is actually collected from him.

Finally, we see inadequate support in the amended complaint also for Neal's conclusory assertion that any hearing he might be offered would necessarily be unfair because it would be conducted by members of the East Haven Board of Police Commissioners, who (he alleges) are "inherently conflicted." Am. Compl. ¶ 36. Although due process entitles Neal to an opportunity to be heard by an impartial body, he is not denied due process merely because members of the Board may be employed by the Town of East Haven. *See Wolkenstein v. Reville*, 694 F.2d 35, 41-43 (2d Cir. 1982). The amended complaint does not identify any specific factors, such as ways in which the Board or its members stand to benefit personally from an increase in parking fines, from which it may be inferred that Board members would not act impartially in reviewing appeals.

We draw reasonable inferences in Neal's favor in reviewing the dismissal of his *pro se* amended complaint, but we will not speculate as to crucial facts about which the amended complaint is nearly silent. We therefore conclude that Neal has not plausibly alleged a violation of his procedural due process rights. We further conclude that the District Court acted within its discretion in dismissing the amended complaint with prejudice, in view of the fact that, after Neal's original complaint was dismissed, he received leave to amend and failed to cure the original complaint's inadequacies. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125-26 (2d Cir. 2013).

\* \* \*

We have considered all of Neal's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court