Williams v Leisure Knoll Assn., Inc. (2019 NY Slip Op 02746)





Williams v Leisure Knoll Assn., Inc.


2019 NY Slip Op 02746


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-05347
 (Index No. 16436/09)

[*1]Clifford Williams, respondent, 
v
Leisure Knoll Association, Inc., appellant.


Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to remove a lien against real property, the defendant appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 4, 2016. The order, insofar as appealed from, inter alia, granted that branch of the plaintiff's motion which was for summary judgment determining that the defendant did not have the authority to impose a lien on the plaintiff's property to secure payment of a fine.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this action, the plaintiff, who owns residential property that is regulated by the defendant, a homeowners association, challenges the defendant's authority, inter alia, to impose a lien against his property to secure payment of unpaid fines. Contrary to the defendant's contention, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on this issue by submitting the subject by-laws and declaration of covenants, which established that the defendant was not authorized to impose a lien based upon unpaid fines (see Walker v Windsor Ct. Homeowners Assn., 35 AD3d 725, 726-727). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment determining that the defendant did not have the authority to impose the subject lien against the plaintiff's property.
The defendant's remaining contention is without merit.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court