Hidden Ridge at Kutsher's Country Club Home Owners Assn., Inc. v Levine (2020 NY Slip Op 02957)





Hidden Ridge at Kutsher's Country Club Home Owners Assn., Inc. v Levine


2020 NY Slip Op 02957


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

527604

[*1]Hidden Ridge at Kutsher's Country Club Home Owners Association, Inc., Respondent,
v
Harvey Levine et al., Appellants.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


The Yitzhak Law Group, Great Neck (Lavinia A. Acaru of counsel), for appellants.
Shawn Law Offices, Monticello (Thomas H. Cragan of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Schick, J.), entered September 12, 2018 in Sullivan County, which, among other things, granted plaintiff partial summary judgment.
Plaintiff, a homeowners' association, commenced this action against defendants seeking, as relevant here, the recovery of unpaid assessments that were due for a unit owned by them. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and also requested that Supreme Court search the record and grant it summary judgment on its cause of action for the unpaid assessments. In a September 2018 order, the court, among other things, granted partial summary judgment in favor of plaintiff. Defendants appeal. We affirm.
Contrary to defendants' assertion, plaintiff was entitled to summary judgment on its cause of action for unpaid assessments (see CPLR 3212 [b]). According to plaintiff's declaration of covenants, restrictions, easements, charges and liens, unit owners, such as defendants, were personally obligated to pay assessments and, if not paid by the due date, plaintiff could commence an action against the owners to recover any unpaid assessments. Furthermore, it is undisputed that defendants owed plaintiff money for the unpaid assessments. In view of the foregoing, partial summary judgment was correctly granted in plaintiff's favor (see Board of Directors of Squire Green at Pawling Homeowners Assn., Inc. v Bell, 89 AD3d 657, 658 [2011]; cf. Walker v Windsor Ct. Homeowners Assn., 35 AD3d 725, 726-727 [2006]).
Defendants argue that the proof failed to establish the specific amount owed to plaintiff. At oral argument, however, plaintiff's counsel stated on the record what the final amount due was, and defendants' counsel noted that such amount was undisputed. To the extent that defendants contend that plaintiff delayed in prosecuting this action, such claim is without merit (see generally Chase v Scavuzzo, 87 NY2d 228, 233 [1995]). Finally, defendants' reliance on Real Property Law § 339-z is unavailing.
Lynch, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.